UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

CASE NO. 08-20119
HON. LAWRENCE P. ZATKOFF

v.

MICHAEL RUNNERSTRAND,

                Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on April 3, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant's appeal of an order of detention pending trial pursuant to 18 U.S.C. § 3142. Defendant appeared before the Court on April 3, 2008, for a hearing on this matter. At that time the Court heard oral argument from the government and Defendant's counsel. In addition, Defendant's father spoke on his behalf, and the Court received fifteen letters from Defendant's friends and family attesting to his good character. Having considered the arguments of counsel, Defendant's exhibits, and the legal issues involved, Defendant's appeal is DENIED.

## II. BACKGROUND

In February 2008, Defendant was arrested in California based on two warrants emanating from the Eastern District of Michigan. Defendant appeared before Magistrate Judge Turchin of the Central District of California on February 28 for a detention hearing pursuant to 18 U.S.C. §

3142(e)-(f). At that time the Pretrial Services Officer in that district prepared a Pretrial Services Report, concluding that Defendant was a flight risk and a danger to the community. Magistrate Turchin, after a full detention hearing in accordance with 18 U.S.C. § 3142(f), agreed and ordered that Defendant be detained and removed to the Eastern District of Michigan

On March 3, 2008, a grand jury in this district indicted Defendant on the following three counts: Count I–Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(a); Count II–Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2); and Count III–Transfer of Obscene Material to Minor in violation of 18 U.S.C. § 1470. On March 21, 2008, Defendant appeared before Magistrate Pepe for his arraignment. The Pretrial Services Officer for this district prepared an addendum to the existing Pretrial Services Report, which likewise concluded that Defendant posed a danger to the community. Magistrate Pepe did not address the issue of pretrial release due to the existing detention order. Defendant now seeks review of Magistrate Turchin's order of detention.

## III. ANALYSIS

The Court reviews a defendant's appeal of an order of detention *de novo*. A defendant may be detained pending trial if a judicial officer determines that there is "no condition or combination of conditions [that] will reasonably assure the appearance of the person as required and the safety of any other person and the community ...." 18 U.S.C. § 3142(e). In making this determination, the Court must consider (1) "the nature and circumstances of the offense[s] charged," *id.* § 3142(g)(1); (2) "the weight of the evidence against the person," *id.* § 3142(g)(2); (3) "the history and characteristics of the person," *id.* § 3142(g)(3); and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release," *id.* § 3142(g)(4).

2

Moreover, due to the offenses charged, Congress has determined that a rebuttable presumption exists in this case that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. *See* 18 U.S.C. § 3142(e).

As of April 3, 2008, when Defendant appeared before the Court, two Pretrial Services Officers and a United States Magistrate Judge had determined that he posed a flight risk and a danger to the community. After considering the record in light of the factors listed in § 3142(g), and the statutory presumption that no condition or combination of conditions exists that will reasonably assure Defendant's appearance and the safety of the community, the Court agrees.

The nature and circumstances of the offenses charged in the indictment are severe. Defendant is charged with sexually exploiting a thirteen-year-old girl, transferring sexually explicit images of himself to her, and receiving sexually explicit images of the victim in return. Moreover, the information produced by Pretrial Services in this district and the Central District of California indicates that Defendant was the victim's school teacher in California. Thus, not only did Defendant allegedly commit the acts charged, but he abused his position of trust and authority in order to groom the victim to engage in sexually explicit conduct. The Court agrees that there is a distinction between Defendant's alleged conduct and that of a person who preys on random victims, but finds, contrary to defense counsel's contention, that the conduct of which Defendant is accused is far worse. Therefore, the nature and circumstances of the offense weigh heavily against releasing Defendant.

Based on the government's representations at the April 3 hearing, the evidence against Defendant is strong. According to the government, the victim in this case is willing to provide testimony regarding Defendant's conduct. Moreover, photographic evidence recovered from the

victim's home computer purportedly depicts Defendant engaging in the acts charged in the indictment and will corroborate the victim's testimony. Lastly, the government asserts that transcripts of Defendant's online chats with the victim contain virtual admissions of the relevant conduct. Thus, the weight of the evidence against Defendant favors upholding the magistrate's detention order.

The Court has carefully considered Defendant's history and characteristics. Defendant is twenty-six years old and a college graduate. However, the Pretrial Services Report reveals that Defendant has a prior conviction and may have been on probation at the time the conduct charged in the present indictment occurred. While Defendant's submissions to the Court describe him as an upstanding young man, the conduct charged in the indictment indicates otherwise. As a teacher, Defendant grossly abused the trust the victim and the community placed in him. Similarly, as this conduct may have occurred at a time when Defendant was on probation, he also abused the trust the government placed in him to refrain from conduct inconsistent with the conditions of his probation. Under these circumstances, the Court is not persuaded that Defendant's history and characteristics warrant a different disposition than that reached by the magistrate.

The Court also finds that Defendant would pose a significant danger to the community if he were released. As the government noted at the April 3 hearing, the victim in this case and her family have a significant interest in avoiding any contact or potential contact with Defendant prior to trial. Indeed, given the ease of accessing the internet, the Court is unconvinced that a set of conditions exists that would effectively prevent Defendant from contacting other minors for similar online chats. Thus, the nature of the risk to the community is that the victim in this case or other minors may be subject to further exploitation, which is very serious. Accordingly, the nature and

seriousness of the risk to the community favors upholding the magistrate's decision.

Finally, the Court is persuaded that Defendant is a flight risk. Count I of indictment charges Defendant with sexual exploitation of a minor and carries a mandatory minimum penalty of fifteen years in prison. In addition, Defendant resides in southern California, possesses a passport and has experience in international travel. The government also asserts that no amount of bond would be sufficient to satisfy its apprehension over Defendant's risk of flight. Although Defendant's parents are willing to supervise him prior to trial, and Defendant would agree to wear a tether with a Global Positioning System, the Court finds that Defendant poses a risk of flight given the significant penalty he faces, his experience and ability to travel internationally, and the proximity of his parents' home to an international border.

Having considered the factors set forth in § 3142(g), the Court concludes that Defendant poses a significant danger to the community, as well as a risk of flight. The evidence Defendant presented at the April 3 hearing is insufficient to rebut this conclusion and the statutory presumption in § 3142(e). The Court, accordingly, declines Defendant's request for release pending trial.

## IV. CONCLUSION

Based on the foregoing discussion, Defendant's appeal is DENIED.

IT IS SO ORDERED.

                                                s/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: April 4, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 4, 2008.

s/Marie E. Verlinde<br>
Case Manager<br>
(810) 984-3290